UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEENA CHAUVIN | CIVIL ACTION |
| VERSUS | NO. 24-2485 |
| TOWN OF FRANKLINTON, ET AL. | SECTION "R" (5) |

**ORDER AND REASONS**

Before the Court is the unopposed motion of defendants Town of Franklinton, Mayor Gregory Route, and Town of Franklinton City Hall for partial dismissal under Federal Rule of Civil Procedure 12(b)(6).[1] For the following reasons, the Court grants the motion.

**I.   BACKGROUND**

On December 17, 2022, Seena Chauvin filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that she was subjected to sexual harassment, discriminated based on sex, and retaliated against during her employment with the Town of Franklinton.[2] After investigation, the EEOC issued Chauvin a formal notice of right to sue

---

[1]   R. Doc. 8.
[2]   R. Doc. 8-3 at 1.

on September 26, 2023.[3] The notice explicitly provided that any lawsuit in federal or state court related to the charge "must be filed WITHIN 90 days of your receipt of this notice."[4]

On December 29, 2023, Chauvin filed a second charge of discrimination with the EEOC, alleging that she was unlawfully terminated after asking for reasonable accommodations, harassed, and discriminated against after turning down sexual advances, which she describes as a part of a "toxic environment" that had been "ongoing for the better part of 3 or more years."[5] After investigation, the EEOC issued another formal notice of Chauvin's right to sue on June 24, 2024, which also identified the 90-day time limit.[6] Eighty-eight days later, on September 20, 2024, Chauvin sued The Town of Franklinton, Mayor Gregory Route, and the Town of Franklinton City Hall *pro se* in state court alleging, among other things, that she was the subject of discrimination and retaliation based on sexual harassment.[7] Defendants removed the case on October 16, 2024.[8]

---

[3]  R. Doc. 8-4 at 1.
[4]  *Id.*
[5]  R. Doc. 8-5 at 1.
[6]  R. Doc. 8-6 at 1.
[7]  *See* R. Doc. 1-2.
[8]  *See* R. Doc. 1.

2

Defendants now move to dismiss plaintiff's claims for sexual harassment, discrimination, and retaliation as time-barred following her failure to sue within 90 days of the first notice of right to sue.[9] Plaintiff does not oppose the motion. The Court considers defendants' motion below.

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true. *See Iqbal*, 556 U.S. at 678. It need

---

9

3

not contain "detailed factual allegations," but it must go beyond "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *See id.* (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand*, 565 F.3d at 257 (citations omitted). The claim must be dismissed if there are insufficient factual allegations "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *see Jones v. Bock*, 549 U.S. 199, 215 (2007).

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* "The district court 'may also consider matters of which [it] may take judicial notice.'" *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

## III. DISCUSSION

Before bringing a suit in court, an employment-discrimination plaintiff must exhaust administrative remedies, which occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Under Title VII, a plaintiff has ninety days to bring suit in federal court after receipt of the statutory notice of right to sue. 42 U.S.C. § 2000e-5(f)(1). When the receipt date of the right-to-sue letter is either unknown or disputed, courts have presumed receipt dates ranging from three to seven days after the letter has mailed. *Taylor*, 296 F.3d at 379. The ninety-day limitations period is strictly construed. *Id.*

A second right-to-sue letter is ineffective to extend the ninety-day limitations period concerning the same claim unless it is issued pursuant to a reconsideration on the merits. *See Washington v. City of Gulfport, Miss.*, 351 F. App'x 916, 918 (5th Cir. 2009); *Gitlitz v. Compagnie Nationale Air France*, 129 F.3d 554, 557 (11th Cir. 1997); *Sparks v. Lowe's Home Ctr., Inc.*, 341 F. Supp. 2d 671, 674 (E.D. Tex. 2004). To hold otherwise would "allow any future plaintiff to obliterate the ninety-day limitations period by repeatedly refiling the same charge with the EEOC." *Sparks*, 341 F. Supp. at 674; *see also January v. Texas Dep't of Crim. Just.*, 760 F. App'x 296, 300

(5th Cir. 2019) (holding that second right-to-sue letter did not make claim "concerning the same incident" as her first EEOC charge timely). Because this doctrine applies "where an employee files multiple charges of discrimination encompassing the same events," courts "consider 'whether, and to what extent, the two charges differ in scope and substance.'" *Brown & Brown of Mississippi, LLC v. Baker*, No. 16-327, 2017 WL 5158667, at *6 (S.D. Miss. Nov. 7, 2017) (citing *Felix v. City & Cty. of Denver*, 729 F. Supp. 2d 1243, 1250 (D. Colo. 2010)).

The EEOC mailed a right-to-sue letter to Chauvin's first charge on September 26, 2023.[10] The record does not show when Chauvin received the letter, but using the more generous seven-day period, the Court assumes she received it on October 3, 2023. Therefore, to timely assert a claim based on the facts of her first EEOC charge, Chauvin had to file suit by January 1, 2024. Chauvin did not file her suit until September 20, 2024, over nine months after the ninety-day deadline.[11] Accordingly, any Title VII discrimination and retaliation claims at issue in Chauvin's first charge are time-barred.

---

10    R. Doc. 8-4 at 1.
11    R. Doc. 1-2.

Plaintiff filed her second charge of discrimination on December 29, 2023,[12] and the EEOC issued its notice of right to sue on June 24, 2024.[13] The EEOC did not issue this letter pursuant to a reconsideration of the merits.[14] Plaintiff filed her present complaint on September 20, 2024, within ninety days of her second notice of right to sue.[15] It is unclear whether Chauvin's second charge addressed the same alleged acts and incidents of sex discrimination and retaliation as her first, or whether it concerned separate, subsequent conduct. Chauvin describes being terminated following sexual advances from her coworkers, which she does not include in her first charge, and identifies March 15, 2023, as the date of the "most recent" discriminatory action against her,[16] which occurred roughly four months after she filed the first charge with the EEOC.[17] But Chauvin characterizes these actions as part of a "toxic environment" that has been "ongoing" for the "better part of 3 or more years."[18]

Chauvin may not assert any claims based on acts and incidents prior to the filing of her first EEOC charge of discrimination. Only Chauvin's sex

---

[12]  *See* R. Doc. 8-5.
[13]  R. Doc. 8-6.
[14]  *Id.*
[15]  R. Doc. 1-2.
[16]  R. Doc. 8-5 at 1.
[17]  *See* R. Doc. 8-3 at 1.
[18]  *Id.*

discrimination, harassment, and retaliation claims based on facts that occurred after she filed her first EEOC charge on December 17, 2022, are timely. *See Prewitt v. Cont'l Auto.*, 927 F. Supp. 2d 435, 445 (W.D. Tex. 2013) (dismissing "any [discrimination] claims arising from the incidents described in the [first and second] Charge[s] Plaintiff filed with the EEOC" as "time-barred," but not "any claims arising from the facts alleged in Charge 3—at least insofar as they do not repeat time-barred claims first brought in Charges 1 and 2"); *see also Brown*, 2017 WL 5158667, at *6 (finding untimely plaintiff's gender discrimination claims related to her alleged demotion, the subject of her first EEOC charge, but not plaintiff's gender and age discrimination claims related to her alleged constructive discharge, the subject of her second); *Simmons v. Tarrant Cnty. 9-1-1 Dist.*, No. 13-1389, 2014 WL 3720417, at *7 (N.D. Tex. July 22, 2014) ("Accordingly, Plaintiff may pursue her Title VII claims over conduct occurring after the filing of the 2010 Charge that are contained in her 2012 Charge, but not conduct that occurred before the 2010 Charge was filed.").

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss plaintiff's claims for sexual discrimination, sexual harassment, and

retaliation occurring before December 17, 2022. The Court DISMISSES these claims with prejudice.

New Orleans, Louisiana, this __16th__ day of December, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE