UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SEENA CHAUVIN                                        CIVIL ACTION

VERSUS                                                    NO. 24-2485

TOWN OF FRANKLINTON, ET AL.              SECTION "R" (5)


**ORDER AND REASONS**

Before the Court is defendants Town of Franklinton, Mayor Gregory Route and Town of Franklinton City Hall's unopposed motion for dismissal[1] and unopposed motion for summary judgment.[2]  For the following reasons, the Court grants the motion for summary judgment and denies as moot the motion to dismiss.


I.      BACKGROUND

On December 17, 2022, Seena Chauvin filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that she was subjected to sexual harassment, discriminated against based on sex, and retaliated against during her employment with the Town of

---

[1]      R. Doc. 26.
[2]      R. Doc. 31.

Franklinton.[3]  On September 26, 2023, the EEOC issued Chauvin a formal notice of right to sue.[4]  The notice explicitly provided that any lawsuit in federal or state court related to the charge "must be filed WITHIN 90 days of your receipt of this notice."[5]

On December 29, 2023, Chauvin filed a second charge of discrimination with the EEOC, alleging that she was unlawfully terminated after asking for reasonable accommodations, harassed, and discriminated against based on sex.[6]  She alleged that the "toxic environment" had been ongoing for at least three years.[7]  On June 24, 2024, the EEOC issued another formal notice of Chauvin's right to sue.[8]  The EEOC notice explicitly provided that Chauvin had 90 days to bring suit.[9]

On September 20, 2024, eighty-eight days after the second notice but more than eleven months after the first, Chauvin sued the Town of Franklinton, Mayor Gregory Route, and the Town of Franklinton City Hall *pro se* in state court.[10]  Plaintiff alleges that she was fired after asking for

---

[3]     R. Doc. 8-3 at 1.
[4]     R. Doc. 8-4 at 1.
[5]     *Id.*
[6]     R. Doc. 8-5 at 1.
[7]     *Id.*
[8]     R. Doc. 8-6 at 1.
[9]     *Id.*
[10]    *See* R. Doc. 1-2.

reasonable accommodations and that she was the subject of discrimination and retaliation based on sexual harassment.[11]  Defendants removed the case on October 16, 2024.[12]

On November 25, 2024, defendants moved to dismiss plaintiff's claims for sexual harassment, discrimination, and retaliation as time-barred following her failure to sue within 90 days of the first notice of right to sue.[13] Plaintiff did not oppose the motion.  The Court granted the motion to dismiss plaintiff's claims for sexual discrimination, sexual harassment, and retaliation occurring before December 17, 2022, and dismissed those claims with prejudice.[14]

Defendants now move for dismissal with prejudice under Federal Rule of Civil Procedure 37[15] and for summary judgment on plaintiff's remaining claims.[16]  Defendants seek summary judgment on the grounds that defendants complied with the Family and Medical Leave Act ("FMLA") under which plaintiff was on medical leave from fall 2022, until the

---

[11]    *Id.*
[12]    *See* R. Doc. 1.
[13]    R. Doc. 8.
[14]    R. Doc. 12.
[15]    R. Doc. 26.
[16]    R. Doc. 31.

termination of her position in early 2023.[17]  Plaintiff does not oppose either motion.  The Court considers defendants' motions below.

## II.    LEGAL STANDARD

### A. Summary Judgment

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."  *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*

---

[17]    *See generally* R. Doc. 31-1.

§ 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075.  "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party."  *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"  *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).  "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."  *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a

genuine issue exists. *See id*. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

In the Fifth Circuit, a district court may not grant a "default" summary judgment on the ground that it is unopposed. *Morgan v. Fed. Express Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases). Even in the context of unopposed motions for summary judgment, the movant must still show that there is no genuine issue of material fact, and that it is entitled to summary judgment as a matter of law. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 363 n.3 (5th Cir. 1995). When a motion for summary judgment is unopposed, a court may accept the movant's evidence as undisputed. *Morgan*, 114 F. Supp. 3d at 437 (quoting *UNUM Life Ins. Co. of Am. v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002)). Nevertheless, if the moving party fails to meet its burden, the Court must deny its motion for summary judgment. *Hetzel*, 50 F.3d at 362 n.3.

## B. Dismissal Under Rule 37

Federal Rule of Civil Procedure 37 permits a district court to "dismiss[] [an] action in whole or in part" where a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). Before a court may dismiss a case pursuant to Rule 37, "two criteria must be met." *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003). "First, the penalized party's discovery violation must be willful." *Id.* Second, the "drastic measure [of dismissal] is only to be employed where a lesser sanction would not substantially achieve the desired deterrent effect." *Id.* "The reviewing court may also consider whether the discovery violation prejudiced the opposing party's preparation for trial, and whether the client was blameless in the violation." *Id.*

## III. DISCUSSION

In her second EEOC charge of discrimination, plaintiff alleges that she was terminated after asking for reasonable accommodations for her return-to-work post mental health leave.[18] Defendants contend that plaintiff was

---

[18]    R. Doc. 8-5.

terminated from her position after failing to return to work prior to the expiration of her leave under FMLA.[19]

Plaintiff applied for medical leave from her employer, the Town of Franklinton, under FMLA on August 5, 2022.[20]  Plaintiff's original return to work date was October 29, 2022.[21]  Plaintiff requested, and the Town granted three extensions of plaintiff's leave.[22]  The first extension provided plaintiff until November 10, 2022, the second until January 20, 2023, and the third and final extension until February 1, 2023.[23]  On February 1, 2023, plaintiff did not return to work and she had not requested an additional extension on or before that date.[24]  Thereafter, plaintiff's position as a 911 dispatcher was filled.[25]

As a preliminary matter, the Court has already dismissed plaintiff's claims for sexual discrimination, sexual harassment, and retaliation

---

[19]     R. Doc. 31.

[20]     R. Doc. 31-2 at 2.  Under Federal Rule of Civil Procedure 36(a)(3), "[a] matter is admitted" if a party does not respond to a request for admission within 30 days.  On June 9, 2025, the Court confirmed that all matters in defendants' requests for admission were deemed admitted following plaintiff's failure to timely respond.

[21]     *Id.*

[22]     *Id.*

[23]     *Id.*

[24]     *Id.* at 3.

[25]     R. Doc. 31-1 at 4.

occurring before December 17, 2022.[26]  Plaintiff began her medical leave

prior to this date.[27]  Plaintiff has not alleged that there was continued

harassment during the period that she was out on leave.  Thus, the only

allegation that remains is that plaintiff was fired after asking for reasonable

accommodations for her return to work following mental health leave.  The

Court considers this allegation below.

## A. The ADA and the LEDL

Plaintiff alleges that defendant's actions violated the Americans with

Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 to 12117, and La. Rev. Stat.

§§ 23:322 and 23:323 (portions of LEDL) by firing her after she asked for

reasonable accommodations.[28]  For claims stemming from improper

treatment of a disabled employee, the LEDL is modeled after federal law and

should be construed in light of federal precedent.  *See, e.g.*, *Smith v.*

*Thurman Oils, Inc.*, 951 So.2d 359, 361 (La. App. 1 Cir. 2006) ("In

interpreting Louisiana's employment discrimination laws, our courts have

relied upon similar federal statutes and the interpreting federal

jurisprudence.").  Here, the Court's analyses under the LEDL and the ADA

---

[26]    R. Doc. 12.
[27]    R. Doc. 31-2
[28]    R. Doc. 1-2 at 5.

are the same.  *See Leaumont v. City of Alexandria*, 582 F. App'x 407, 410–11 (5th Cir. 2014) (applying the same standard to a claim for disability discrimination under the LEDL and ADA).

### 1.  Failure to Accommodate

To recover on a failure to accommodate claim, a plaintiff must establish that "(1) the plaintiff is a 'qualified individual with a disability;' (2) the disability and its consequential limitations were 'known' by the covered employer; and (3) the employer failed to make 'reasonable accommodations' for such known limitations."  *Feist v. Louisiana, Dep't of Just., Off. of the Att'y Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (quoting 42 U.S.C. § 12112(b)(5)).

In plaintiff's complaint, she alleges that she has PTSD and Major Depressive Disorder.  However, plaintiff has not pointed to evidence showing that her employer knew of her alleged disabilities and their limitations, nor that it failed to make "reasonable accommodations" for known limitations. Plaintiff has therefore failed to carry her burden of proof at the summary judgment stage.  *See Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002) ("[I]f the non-moving party can point to nothing in the record supporting its claim, summary judgment is appropriate.").  Thus, the Court

must grant summary judgment as to plaintiff's reasonable accommodations claim.

### 2. *Disability Discrimination*

The Fifth Circuit applies the *McDonnell Douglas* burden-shifting framework to employment disability discrimination ADA claims. *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019). Under *McDonnell Douglas*, plaintiff carries the initial burden of establishing a *prima facie* claim of discrimination. *Id.* at 341. If she succeeds, the burden shifts to the defendant to articulate a "legitimate, non-discriminatory reason" for the action. *Id.* Finally, if defendant satisfies its burden, the burden shifts back to plaintiff to show pretext. *Id.* at 342.

To carry her initial burden of establishing a *prima facie* discrimination claim under the ADA, plaintiff must show "(1) [s]he has a disability or was regarded as disabled; (2) [s]he was qualified for the job; and (3) [s]he was subject to an adverse employment decision because of his disability." *Id.* at 341 (citing *Williams v. J.B. Hunt Transp.*, 826 F.3d 806, 811 (5th Cir. 2016)). Plaintiff has failed to present any evidence to suggest that she was fired for any reason other than failing to return to work before her FMLA leave expired. Even if plaintiff established a *prima facie* claim of discrimination,

she has failed to raise an issue of material fact that defendant's non-discriminatory reason for firing her, that she did not return to work after exhausting her FMLA leave, was pretextual. *See Owens v. Calhoun Cnty School Dist.*, 546 F. App'x 445, 448-49 (5th Cir. 2013) (finding that pretext was not established in an ADA claim where the record reflected that plaintiff did not return to work prior to the expiration of FMLA leave). Thus, the Court must grant defendant's motion for summary judgment on this claim.

## B. Title VII

To establish a *prima facie* case of retaliation, plaintiff must establish that (1) she participated in an activity protected by Title VII; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse employment action. *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487 (5th Cir. 2004). Once the plaintiff makes a *prima facie* case, "the burden then shifts to the defendant to demonstrate a legitimate nondiscriminatory purpose for the employment action." *Id.* If the defendant meets the burden, then plaintiff "must prove that the employer's stated reason for the adverse action was merely a pretext for the real, discriminatory purpose." *Id.*

Assuming arguendo that plaintiff established a *prima facie* case of retaliation, plaintiff again fails to raise an issue of material fact that defendant's non-discriminatory reason for firing her, that she did not return to work after exhausting her FMLA leave, was pretextual. Accordingly, the Court must grant defendants' motion for summary judgment on this claim.

## C. Motion for Dismissal Under Rule 37

Because the Court grants defendants' motion for summary judgment as to all of plaintiff's remaining claims, it need not decide whether the "drastic measure" of dismissal under Rule 37 is warranted. Accordingly, the Court denies as moot defendants' motion to dismiss under Rule 37.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion for summary judgment and DENIES as moot defendants' motion to dismiss. The Court DISMISSES WITH PREJUDICE plaintiff's complaint.

New Orleans, Louisiana, this __28th__ day of August, 2025.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE